UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LUIS GARCIA RIQUIS,

    Petitioner,

v.                            Case No.:  2:25-cv-1028-SPC-NPM

MATTHEW MORDANT *et al.*

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Jose Luis Garcia Riquis's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Garcia Riquis's reply (Doc. 7). For the below reasons, the Court grants the petition.

Garcia Riquis is a native and citizen of Mexico who entered the United States without inspection as an unaccompanied child in 2004. He has lived in this country since then, and he has four U.S. citizen children, with another on the way. He has no criminal record other than two traffic offenses for driving without a license. Garcia Riquis was arrested during a traffic stop on November 3, 2025, transferred to the custody of the Department of Homeland Security ("DHS"), and detained at Alligator Alcatraz. On November 6, 2025, DHS issued an arrest warrant and commenced removal proceedings by issuing a Notice to Appear.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Garcia Riquis. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Garcia Riquis asks the Court to order the respondents to either release him or provide a prompt bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Garcia Riquis's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Garcia Riquis has a right to a bond hearing. *See Jennings v. Rodriguez,* 583 U.S. 281, 306 (2018)

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby

**ORDERED**:

Jose Luis Garcia Riquis's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     On of before **December 15, 2025**, the respondents shall either (1) bring Garcia Riquis for an individualized bond hearing before an immigration judge or (2) release Garcia Riquis under reasonable conditions of supervision. If the respondents release Garcia Riquis, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 5, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

3